UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAYLYN KINSLOW, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DONALD EMERSON, )<br>)<br>Respondent. ) | No. 1:21-cv-02942-TWP-DML |

**Order Dismissing Action and Directing Entry of Final Judgment**

Jaylyn Kinslow filed a petition for a writ of habeas corpus challenging a disciplinary proceeding against him at Heritage Trails Correctional Facility. Dkt. 1. On December 8, 2021, the Court directed Mr. Kinslow to show cause why his petition should not be dismissed for lack of jurisdiction because Mr. Kinslow did not receive a credit-time deprivation or a credit-class demotion. Dkt. 4. Mr. Kinslow has responded to the Order to Show Cause, but his argument is meritless for the reasons discussed below.

Mr. Kinslow contends that he has lost earned credit time as a result of his disciplinary proceedings. Dkt. 5. He asserts that he successfully completed the curriculum for the PLUS program in March 2020 but was unable to take the final exam due to the COVID-19 pandemic. *Id.* He received the disciplinary write-up in June 2020 and was removed from the PLUS program even though the disciplinary charges were dismissed. *Id.* He argues that he was deprived of six months of credit time because he "would have earned the credit time for the curriculum he successfully completed" had the "incorrect accusation" not occurred. *Id.*

Contrary to Mr. Kinslow's argument, prisoners have no due process protections against actions "that merely *might* affect the duration of the sentence." *Higgason v. Farley*, 83 F.3d 807,

809 (7th Cir. 1996). Even if Mr. Kinslow had not received the disciplinary write-up, "it was not inevitable that he would complete an educational program and earn good time credits. Thus, denying the opportunity to earn credits did not . . . infringe on a protected liberty interest." *Id.* at 809-10; *see also Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) ("As we found in *Higgason*, the successful completion of a program is not inevitable."). Although Mr. Kinslow successfully completed the curriculum for the PLUS program—and the Court commends him for doing so—it was not inevitable that he would receive credit time because he had not taken the final exam for the PLUS program. Consequently, there was no protected liberty interest at issue in the disciplinary proceedings and Mr. Kinslow's petition for a writ of habeas corpus must be dismissed for lack of jurisdiction.

For these reasons, this action is **dismissed** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts for lack of jurisdiction. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date:   1/14/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAYLYN KINSLOW
273084
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168